a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HERBERT J. MONTGOMERY, Plaintiff | CIVIL ACTION NO. 1:18-CV-1578-P |
| VERSUS | JUDGE DEE D. DRELL |
| TIFFANY O'NEAL, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1) filed by pro se Plaintiff Herbert J. Montgomery ("Montgomery") (#627908). Montgomery is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Madison Parish Correctional Center in Tallulah, Louisiana. Montgomery complains that he received improper medical care by Nurse Practitioner Tiffany O'Neal when he was incarcerated at Winn Correctional Center in Winnfield, Louisiana. (Doc. 1).

Because Montgomery cannot establish he suffered a constitutional violation or meet the physical injury requirement for recovering compensatory damages, his Complaint (Doc. 1) should be DENIED and DISMISSED WITH PREJUIDCE.

I. Background

Montgomery alleges that Nurse Practitioner Tiffany O'Neal provided improper medical care and committed malpractice. (Doc. 1, p. 3). In an Amended Complaint, Montgomery alleges that, from July to August 2018, he contacted Defendant O'Neal about his schizophrenia disorder. (Doc. 11, p. 1). Defendant O'Neal increased the

dosage of Montgomery's medication. (Doc. 11, p. 1). Montgomery alleges that the medication was not "agreeing with [Montgomery's] body," so he stopped taking the medication. (Doc. 11, p. 1). Montgomery alleges he "tried to reach back out to Mrs. O'Neal to explain why" he stopped taking the medication. (Doc. 11, p. 1). Montgomery claims Defendant O'Neal called him a "fake" and ultimately stopped answering Montgomery's requests. (Doc. 11, 1).

II. Law and Analysis

  A. Montgomery's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Montgomery is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 5). As a prisoner seeking redress from an officer or employee of a governmental entity, Montgomery's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Montgomery's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

2

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Montgomery cannot show deliberate indifference to serious medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Montgomery has not presented factual allegations indicating that Defendant O'Neal ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Montgomery was prescribed psychiatric medication, and the dose was increased when Montgomery complained of additional symptoms. (Doc. 11, p. 1). Montgomery alleges he unilaterally stopped taking the psychiatric medication. Montgomery clearly disagrees with the treatment he received. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122

F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

To the extent Montgomery complains that the nurse practitioner was negligent in his treatment, his claim fails. Even unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. See Gobert, 463 F.3d at 346.

### C. Montgomery fails to allege a physical injury.

Montgomery claims to have experienced emotional suffering as a result of Defendant O'Neal's actions. "No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. The physical injury required by § 1997e(e) must be more than de minimis, but need not be significant. See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was de minimis and would not support a claim for mental or emotional suffering)).

Montgomery cannot recover damages for emotional injury because he has not alleged a physical injury. See Harrison v. Smith, 83 F. App'x 630, 631 (5th Cir. 2003); Criollo v. Wilson, 76 F. App'x 576, 577–78 (5th Cir. 2003); Atkinson v. Johnson, 74 F. App'x 365, 366–67 (5th Cir. 2003); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Rice v. Valdez, 05-cv-1048, 2006 WL 1519962, at *4 (N.D. Tex. June 2, 2006) (no recovery for psychological injury for failure to receive medication).

### III. Conclusion

Because Montgomery cannot establish he suffered a constitutional violation by Defendant O'Neal or meets the physical injury requirement for recovering compensatory damages, IT IS RECOMMENDED that Montgomery's Complaint be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __29th__ day of April, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge